IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL PECTOL, et al. | CIVIL NO. 22-00229 JAO-RT |
| Plaintiffs, | |
| vs. | ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION WITHOUT PREJUDICE |
| WAIKIKI POLICE DEPARTMENT, et al., | |
| Defendants. | |

**ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION WITHOUT PREJUDICE**

Before the Court is pro se Plaintiff Michael Pectol's ("Plaintiff")

Application to Proceed In Forma Pauperis ("IFP Application" or "Application"),

filed on May 23, 2022. For the following reasons, the Court DISMISSES the

Complaint with leave to amend and DENIES WITHOUT PREJUDICE the IFP

Application. ECF No. 2.

**DISCUSSION**

**I.     Dismissal of the Complaint Under the In Forma Pauperis Statute – 28 U.S.C. § 1915(e)(2)**

Plaintiff requests leave to proceed in forma pauperis. A court may deny

leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals

2

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations and quotations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

### A.    Pleading Deficiencies

### 1.    Subject Matter Jurisdiction

In the present case, even construing Plaintiff's "Complaint"[1] liberally, *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is necessary. It is difficult, if not impossible, to ascertain the legal or factual bases for this lawsuit. The insufficiency of Plaintiff's allegations precludes the Court from determining, as a threshold matter, whether subject matter jurisdiction exists. "Courts have an independent obligation to determine whether subject-matter

---

[1] It is a stretch to call Plaintiff's initiating document a complaint because it is collection of random phrases and notes on the caption page, followed by copies of two tickets and nonsensical writings.

jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the Court lacks subject matter jurisdiction, an action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

### 2. Failure To State A Claim

#### a. Deficient Facts

Even if jurisdiction were not in question, the Complaint must be dismissed because Plaintiff fails to state a claim. The totality of Plaintiff's allegations concern two incidents, during which it appears he received tickets.[2] With respect to the first incident on March 22, 2022, Plaintiff states: "COORDINATED HARASSMENT – WITH CRIMINAL STREET GANGS AND RELIGIOUS SOLES STAFF (IN THE ACTIONS OF RELIGIOUS EXTREMIST INSURGENTS FOR VARIOUS ENDS) WITH RESULTING ENTRY OF MY NAME INTO POLICE AND SUPERIOR COURT OF HAWAII DATABASES,

---

[2] Because of the degraded qualify of Plaintiff's submission, the text written by the officers on the tickets is unreadable. However, according eCourt Kokua, the state judiciary's information management system, Plaintiff received two tickets for the same violations: entering a closed public park, camping in a public park, failing to comply with signs/notices posted by the City and County of Honolulu, and camping without a permit. *See* http://jimspss1.courts.state.hi.us:8080/eCourt/ECC/CaseSearch.iface (last visited May 31, 2022).

RESULTING IN FINANCIAL FRAUD CONDUCTS USED BY CRIMINAL AND FRAUDULENT ORGANIZATIONS."  Compl. at 1.  For the second incident on May 21, 2022, Plaintiff complains that the officer did not provide photo identification, covered his face, and utilized the incorrect ticket book.  *Id.*  None of the foregoing reveals a cause of action or any basis to pursue a lawsuit in federal court.

### b.    Parties

Moreover, Plaintiff identifies multiple defendants — Waikiki Police Department,[3] Honolulu Police Department, and all officers on Oahu — but has not explained how each was responsible for the alleged conduct and/or how they harmed him.  Every officer on Oahu clearly cannot be responsible for the limited allegations he presents.  To the extent Plaintiff claims that an officer or officers harmed him, he must identify them.

Plaintiff also identifies as plaintiffs "PEOPLE OF THE UNITED STATES." Compl. at 1.  Plaintiff has not indicated that he is an attorney who is licensed to practice law in Hawaiʻi so he cannot represent others.  This is because "a non-lawyer 'has no authority to appear as an attorney for others than himself.'"  *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (quoting *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

---

[3]  There is no Waikiki Police Department.

### c.    Unrelated Claims And Parties

To the extent Plaintiff's allegations constitute claims, he appears to have joined unrelated claims and parties.  It is a basic tenet that plaintiffs cannot bring unrelated claims against different defendants in a single action.  FRCP 18(a) provides:  "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  Pursuant to FRCP 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  This is because "[u]nrelated claims against different defendants belong in different suits."  *Id.*

FRCP 20 allows joinder of plaintiffs in a single action if:  "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  Fed. R. Civ. P. 20(a)(1).  Joinder of defendants in one action is permissible if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  These

requirements must be satisfied, and unrelated claims and parties should be the subject of separate actions.

For these reasons, the Complaint is DISMISSED.  Notwithstanding Plaintiff's failure to identify a basis for subject matter jurisdiction or state a claim, it is possible that amendment could cure the Complaint's deficiencies.  Therefore, the Court grants leave to amend.  Any amended complaint — which should be titled "First Amended Complaint" — must be filed by **June 21, 2022**, and must cure the deficiencies identified above.  Plaintiff must:  (1) identify the basis for subject matter jurisdiction; (2) identify the legal bases for his claims; (3) present facts to support his claims; (4) explain how each named defendant harmed him; (5) comply with FRCP 18 and 20 and may not join unrelated claims and parties; and (6) identify the injuries he suffered from the defendants' conduct.

Plaintiff is also advised that Local Rule 10.4 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court."  Local Rule 10.4.  As a general rule, an amended complaint supersedes the original complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).  Thus, if Plaintiff files an amended complaint, the Complaint no longer serves any function in the case, and any claims that are not included in the amended complaint may be deemed waived.  *See id.* at 928.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

Also included in the series of random notes in the Complaint is the statement: "MOTION:  FOR FIREARMS AND AMMUNITION AS U.S.A.G. SUBCONTRACTOR.  CONCEALED CARRY PERMIT APPLICATION COMPLETED AND APPROVED.  OLD WEST GUN & LOAN – REDDING CA. PRE-2010.  HISTORY + ARIZONA PURCHASE."  Compl. at 1.  This has no apparent connection to any of the limited allegations presented.  Even if it did, there is no basis to consider or grant any relief in this case given the dismissal of the Complaint.  Plaintiff is cautioned that the Court will not treat motion titles listed in the pleadings as legitimate requests for relief.  Motions must be separately filed — but only after a viable operative pleading exists — and must present legal and factual bases for the requested relief.

## II.    IFP Application

The Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*,

335 U.S. 331, 339 (1948)).  Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'"  *Id.* (citation omitted).

Plaintiff's IFP Application is incomplete.  He represents that he received income from business, profession, or other self-employment, but failed to disclose the amount he received and the amount he expects to receive in the future.  ECF No. 2.  Plaintiff also failed to respond to the inquiry about the amount of money he has in cash or in a checking or savings account.  *Id.*  Without this information, the Court cannot determine whether he is entitled to proceed in forma pauperis.  Consequently, the Court DENIES the IFP Application without prejudice.  If Plaintiff elects to file an amended pleading, he must file an IFP Application that fully and accurately responds to all questions *or* pay the applicable filing fee.  If he fails to do so, this action will be automatically dismissed.

## CONCLUSION

In accordance with the foregoing, Court:  (1) DISMISSES the Complaint with leave to amend and (2) DENIES without prejudice the IFP Application.  ECF No. 2.  If Plaintiff elects to file an amended complaint, he must comply with the following requirements:

(1)     The deadline to file an amended complaint is **June 21, 2022**;

(2)     The amended complaint should be titled "First Amended Complaint"; and

(3)     Plaintiff must cure the deficiencies identified above.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order *and* concurrently file an IFP Application *or* submit the filing fee will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:     Honolulu, Hawaiʻi, May 31, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00229 JAO-RT; *Pectol, et al. v. Waikiki Police Department, et al.*; ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION WITHOUT PREJUDICE