IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL PECTOL, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>WAIKIKI POLICE DEPARTMENT, et al.,<br><br>Defendants. | CIVIL NO. 22-00229 JAO-RT<br><br>ORDER DISMISSING ACTION |

**ORDER DISMISSING ACTION**

Pro se Plaintiff Michael Pectol ("Plaintiff") commenced this action on May 23, 2022.  On May 31, 2022, the Court the Court dismissed the Complaint and denied without prejudice Plaintiff's Application to Proceed In Forma Pauperis.  ECF No. 12.  The Court imposed a June 21, 2022 deadline for Plaintiff to file an amended complaint _and_ concurrently file another Application to Proceed In Forma Pauperis ("IFP Application") _or_ pay the filing fee.  *Id.* at 9–10.  The Court cautioned that Plaintiff's  failure to do so would result in the dismissal of this action.  *Id.* at 10.

To date, Plaintiff has not filed an amended complaint, filed an IFP Application, or paid the filing fee.  Courts do not take failures to prosecute and

failures to comply with Court orders lightly.  Federal Rule of Civil Procedure

("FRCP") 41(b) authorizes the Court to sua sponte dismiss an action for failure "to

prosecute or to comply with [the federal] rules or a court order."  Fed. R. Civ. P.

41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir.

2005).  Unless the Court in its order for dismissal otherwise specifies, a dismissal

under this rule operates as an adjudication upon the merits.  *See* Fed. R. Civ. P.

41(b).

        To determine whether dismissal is appropriate, the Court must consider five

factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the

court's need to manage its docket; (3) the risk of prejudice to defendants/

respondents; (4) the availability of less drastic alternatives; and (5) the public

policy favoring disposition of cases on their merits."  *Pagtalunan v. Galaza*, 291

F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61

(9th Cir. 1992)).  Although the Court recognizes that Plaintiff is proceeding pro se,

he is not exempt from complying with all applicable rules.  Local Rule 81.1(a)

("Pro se litigants shall abide by all local, federal, and other applicable rules and/or

statutes.").

        In view of Plaintiff's violation of the Court's Order, and failure to prosecute,

the Court finds that the *Pagtalunan* factors support dismissal of this action.  The

public's interest in expeditious resolution of this litigation strongly favors

dismissal, as does the Court's need to manage its docket.  *See Pagtalunan*, 291 F.3d at 642 (citing *Ferdik*, 963 F.2d at 1261).  Moreover, there is no risk of prejudice to Defendants, as they have yet to appear, and it is unclear whether service was properly effectuated.  Finally, there are no less drastic alternatives available at this time.  This case cannot proceed without an operative pleading and payment of the filing fee or a determination that Plaintiff is entitled to proceed in forma pauperis.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, considering the totality of the circumstances and because all of the preceding factors favor dismissal, this factor is outweighed.

## CONCLUSION

In accordance with the foregoing, this action is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED:    Honolulu, Hawai'i, June 23, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00229 JAO-RT; *Pectol, et al. v. Waikiki Police Department, et al.*; ORDER DISMISSING ACTION